PELLMAN and Another *v.* HART, CUMMINGS and HART.

IN ERROR.

Where a note has been assigned and transferred by a debtor bonâ fide in payment of a debt, before the service of an execution attachment, the assignee is entitled to the money due by the garnishee, and not the attaching creditor; although the garnishee had no notice of such assignment previous to the service of the attachment, and although the assignment was not under act of Assembly, 21st May, 1715.

If after such assignment at the time of service of the attachment execution, the assignor has the note in his possession, and offers to use it for a special purpose, by the permission of the assignee, and such special purpose fails, it remains the property of the assignee, and not liable to attachment by assignor's creditors.

If a note be assigned by a debtor in contemplation of bankruptcy, yet as between the promissor and the assignee, the title passes, and until the debtor is declared a bankrupt, it seems no one of his creditors has a right to attach the note in payment of his debts.

ERROR to the Common Pleas of Union county.

The plaintiffs below, Hart, Cummings, and Hart, obtained judgment against the defendants below, Charles Pellman and Daniel Beckley, to August term, 1842, entered up September 5th, 1842. The present suit was an attachment in nature of an execution on the said judgment against the said defendants, with summons to Samuel H. Knight, garnishee, to November term, 1842, issued and served September 20th, 1842. On the 2d August, 1842, Samuel H. Knight and his wife gave their joint and several single bill to Daniel Beckley for $311, payable in one year. August 3d, 1842, $52 were paid on said bill, and the balance remained unpaid at the service of the attachment. On the 5th September, 1842, by endorsement on said bill, (reciting for a valuable consideration,) Daniel Beckley assigned the same to his sister Mary Beckley, under his hand, and delivered the same to her. There were no subscribing witnesses to the assignment. The consideration alleged on the trial was a debt due to his sister, and evidence was given of work and services performed by her for him, as also some evidence of indebtedness to her as executor of his father's estate. It was further proved that Beckley had the bill in his possession at a meeting of his creditors on the day the attachment was served; that to compromise with them, and prevent them compelling him to take the benefit of the bankrupt act, he offered it to them; that the creditors refused to take the bill because the sheriff had attached it; that Beckley on that occasion said he had assigned the bill to his sister, but that she agreed to let him use it, if he could, in making such a compromise with his creditors. No compromise was effected.

On this statement of facts the counsel for the plaintiffs requested the court to charge the jury—

That if the jury believe that the attachment was served upon Knight on the 20th September, 1842, before he had any notice of the assignment to Mary Beckley, the plaintiffs are entitled to recover.

To which the court answered—

Had Knight paid the amount due on this note when it was attached, or confessed judgment on it, or judgment been taken against him by rule of court, for want of an appearance or otherwise, without any previous notice of the assignment to Mary Beckley, he might have been discharged from the payment of it to her; but as it was not, and is not paid yet, and before payment or judgment against him he has notice of the transfer, we are of opinion that the principle contended for by the plaintiffs in this proposition does not apply; we, therefore, refuse to give the instruction, and leave the cause with you for your decision on the questions of fact raised by the evidence.

The counsel for the defendants also requested the court to charge the jury upon the following points:

1st. If the jury believe from the evidence that Daniel Beckley was indebted to his sister Mary, and that on the 5th September, 1842, he assigned and delivered the single bill, now in controversy, to her, towards payment on what he was indebted to her, then plaintiff cannot recover.

2d. If they should believe from the evidence that after the said single bill was assigned and delivered by the said Daniel to his sister Mary, some of his creditors threatened to force him into the bankrupt act, and that he got the said single bill upon condition that he should return it to her again, in case he could make no arrangements with his creditors not to force him into the bankrupt act, and that no arrangement was made with his creditors, and that he accordingly returned it to her; then the plaintiffs are not entitled to recover, even if the jury should believe plaintiffs' attachment was served while Daniel Beckley had the single bill in his possession for the purposes aforesaid.

3d. That if Daniel Beckley was indebted to his sister Mary, he had a legal right to pay her by assigning obligations to her, although he was at the time in insolvent circumstances.

To the first point the court answered—as a general principle this is correct; and referred to the general charge.

To the second and third points, the court answered as requested.

The charge of the court below is omitted, as the substantial parts sufficiently appear in the points submitted and answered.

The jury found for the defendants, whereupon the plaintiffs took this writ of error and assigned the following errors:

1st. The court erred in their answer to plaintiff's point.

2d. The court erred in their answer to defendant's first, second, and third points.

3d. The court erred in their charge to the jury by saying, " that on the issue by the evidence, the questions for decision are, was the transfer to Mary Beckley a bonâ fide transaction made as alleged by the defendant for the payment of a debt due by Daniel Beckley? 2d. If this be so, did Daniel Beckley again become the owner of the note?" and in all the other parts of the charge relating to these two questions.

*Jordan,* (with whom was *Swineford,*) for plaintiff in error, contended that Mary Beckley being the equitable owner of the bill single, stood in the same situation as the equitable assignee of a chose in action in England. It was her duty to give notice immediately to Knight of the assignment of the bill to her, and if she failed to do so, she must bear any loss arising from her negligence; and cited No. 140 Law Library, 68, 113, 131, 132; 2 Père Williams, 493; 2 Atkins, 352; 1 Johns. Cases, 411; 3 Johns. Rep. 425; 1 Johns. Rep. 531; 1 Dall. 139, 23; 17 Serg. & Rawle, 212; 4 Serg. & Rawle, 175; 2 Dall. 49; 2 Miles, 327.

Answer of court to defendant's second point.

To leave to a jury the finding of a fact without colour of proof, is error. 3 Penna. Rep. 405.

To submit a point to a jury without evidence to sustain it, is error. 5 Watts & Serg. 60.

*Miller* and *Slenker,* contrà, whom the court stopped.

The opinion of the court was delivered by ROGERS, J.

The plaintiffs, Hart, Cummings and Hart, having issued an execution on a judgment, rendered in their favour, against Daniel Beckley, attached a note for $311, given by Samuel H. Knight and Elizabeth C. Knight, to the said Daniel Beckley. The garnishees admit the note to be in part justly due, but allege that previously to the attachment, viz., on the 5th September, 1844, Daniel Beckley assigned the note for a valuable consideration to Mary Beckley. The plaintiff replies that the note was not assigned before service of the attachment; that if it were assigned, it was fraudulent; that it was delivered afterwards to Beckley to effect a compromise with his creditors, so that he might not be compelled to take the benefit of the bankrupt law, and that the note was in his possession at the time the attachment was served.

The court put the case on the true point, when they referred it to the jury to say, whether the transfer to Mary Beckley was bonâ fide; and if so, whether Daniel Beckley again became the owner of the note, and was so at the time it was attached. That the note was assigned before the attachment, there was no doubt; and to the points in contest, the jury responded in favour of the defendant; and even if wrong, the error can only be remedied on a motion for a new trial. The only inquiry is, in arriving at this result: have the court erred in their instruction to the jury?

The plaintiffs, it is contended, have a right of action, because no notice was given of the assignment before the note was attached.

If the debtor had paid the note as in Bury v. Hartman, 4 Serg. & Rawle, 177, or had become bound as security of the promisor, as in Frantz v. Brown, 17 Serg. & Rawle, 287, it would be a good defence, unless they had notice of the assignment. This rule is intended for the protection of the debtor. So equity will protect the assignee or purchaser for a valuable consideration without notice of the assignment. These are principles which cannot be gainsayed, and are recognised by many cases ruled in this and other courts. But this is not the point here, for immediately on the assignment, as between the assignor, who is the original promisor, to the assignee, and the latter, the equitable title vests in the assignee, which of course cannot be taken to pay the debt of the assignor. All that can be seized in execution, is the right which remains in the assignor; and this is nothing more, where the assignment is made bonâ fide, than the legal title, subject to the equitable interest of the assignee. A general creditor, unless a purchaser without notice, is in no better situation than the debtor, and cannot sell a greater interest than the debtor has—a principle which applies as well to choses in action, as a note or bond, as to any other chattel. He is not considered in the light of a purchaser without notice, nor has he the right of one. The assignment, as is said in Bury v. Hartman, operates as a new contract between the obligor and the assignee, commencing upon notice of the assignment; but this is not at all inconsistent with the principle, that as between the obligor and the assignee the latter acquires such an equity, eo instanti the assignment is made, as cannot be defeated by the creditors of the obligor.

Again, it is said, the note was re-delivered to Beckley, and therefore the subject of attachment. It is unquestionably true, that if the note had been re-transferred properly to the original owner, it would be liable to debts of the execution creditor; but when it was delivered for the special purpose, as the jury have found, of effecting a compromise with creditors, which failed, it remains the property of the assignee,

and consequently gives no right to the attaching creditor. And to this effect, the court instructed the jury.

It is also contended, that the note was assigned in contemplation of bankruptcy, and therefore void. This is a point not taken in the Court of Common Pleas; yet admitting the point to be as is stated, as between the promissor and the assignee, the title passes. And although, if the debtor had been prosecuted to bankruptcy, the assignment may have been avoided; yet never having become bankrupt, I do not see what right any one of the creditors has to attach the note in payment of his debts.

Judgment affirmed.