## Jarecki Manufacturing Company, Limited, Appellant, *v.* Hart Brothers and John R. Hart.

*Attachment execution—Standing of creditor.*

An attaching creditor necessarily claims through his debtor, and can acquire no greater right than was vested in the latter at the time the writ was served upon the garnishee.

*Valid assignment—Appeals—Attachment—Notice.*

A valid assignment of a fund cannot be set aside by attachment proceedings subsequently instituted in favor of a third party, and the omission of notice to the garnishee cannot avail an attaching creditor who pursues his legal remedy irrespective of contractual changes.

Argued April 27, 1897.   Appeal, No. 132, April T., 1897, by plaintiff, from judgment of C. P. No. 3, Allegheny Co., Nov. T., 1892, No. 470, on verdict for plaintiff.   Before Rice, P. J., Willard, Wickham, Beaver, Reeder, Orlady and Smith, JJ. Affirmed.

Attachment execution.   Before McClung, J.

The jury found a verdict for the plaintiff on an issue awarded

between the Oil Well Supply Co. as plaintiff and the Jarecki Manufacturing Co., Ltd., as defendant, to answer this question, to wit: " Was the fund of $662.12 in the hand of the garnishees, the Philadelphia Company, duly assigned by the defendants to said Oil Well Supply Company before the service of the attachment herein, so that said Oil Well Supply Company ought to be preferred to said attachment creditor, in the distribution of said money ? "

Verdict and judgment for plaintiff subject to the decision of the court on the question of law reserved. Judgment was subsequently entered by the court in favor of the plaintiff on the question of law reserved, whether or not the plaintiff, having a valid assignment of this claim, its rights are affected as between it and an attaching creditor by the failure to give notice prior to the service of the attachment. Defendant appealed.

*Errors assigned* among others were (1) In entering judgment in favor of plaintiff on the question of law reserved. (3) In charging the jury as follows: " I have no doubt whatever upon the question of law. . . . I instruct you pro forma that notice was not necessary ; that the attaching creditor simply stands in the shoes of the debtor, that is, of Hart & Co., and that an assignment which was good between Hart & Co. and the Oil Well Supply Company, would be good as against this attachment, without notice."

*A. Leo. Weil,* with him *Charles M. Thorp,* for appellant.—The rule requiring a change of possession in case of a transfer of chattels is well stated in Buckley v. Duff, 114 Pa. 596.

The relations between an attaching creditor and the garnishee are well stated in the case of Roig v. Tim, 103 Pa. 115.

This shows clearly what we are contending for, namely that what is meant by saying that the attaching creditor stands in the shoes of his debtor, is that the garnishee may make the same defense against him that could be made against the debtor. In other words, the rule is one of protection to the garnishee. The same principle has been laid down in Patten v. Wilson, 34 Pa. 299 ; Myers v. Baltzell, 37 Pa. 491 ; Norcross v. Benton, 38 Pa. 217.

Among the cases directly in point with the present cases are

Clodfelter v. Cox, 1 Sneed (Tenn.), 330, Vanbuskirk v. Ins. Co., 14 Conn. 140, and Shipman v. Ætna Ins. Co., 29 Conn. 245.

The service of an attachment execution has the effect of an equitable assignment of the thing attached: Roig v. Tim, 103 Pa. 114; Lumber & Mfg. Co. v. Marsh, 91 Pa. 96.

*B. J. Jarrett*, with him *James C. Boice*, for appellee.—An equitable assignment in Patten v. Wilson, 34 Pa. 299, was held to be good against an attaching creditor, though no notice to the debtor was alleged, and the equitable assignment was of a debt of such a nature that it is not probable that any such notice was given. See also Pellman v. Hart, 1 Pa. 263; Noble v. Oil Co., 79 Pa. 354.

A chose in action equitably assigned is not subject to attachment as the property of the assignor: Canal Co. v. Ins. Co., 2 Phila. 354.

An order upon a trustee in favor of a third party operates as an equitable assignment, immediately upon delivery, and this though the trustee receive notice as garnishee in attachment before receiving the order: Soley's Estate, 15 W. N. C. 351.

By the attachment the attaching creditors are placed in the position of the debtor, and acquire the rights of the debtor against the garnishee, and they can assert no higher or other rights than his: Lane's Appeal, 105 Pa. 49; Fessler v. Ellis, 40 Pa. 248; Smith v. Brooke, 49 Pa. 147.

In Finney's Appeal, 59 Pa. 398, and in Pipe Co. v. Kitchenman, 108 Pa. 630, the same rule was held as to attachments of stock after assignment, and before notice of transfer on the stock books.

OPINION BY SMITH, J., July 23, 1897:

The appellant issued an attachment execution on a judgment against Hart Brothers and John R. Hart, and attached moneys in the possession of the Philadelphia Company, as garnishee. This money was claimed by the Oil Well Supply Company under an assignment by the defendants in the judgment, whereupon a feigned issue was formed to determine the question: "Was the fund in the hands of the garnishee duly assigned to the Oil Well Supply Co. by the defendants before service of the attachment herein, so that the said Oil Well Supply Co. ought to be pre-

ferred to said attachment creditor, in the distribution of said money?" The jury rendered a verdict in favor of the plaintiff subject to a question of law reserved at the appellant's request, to wit : " Whether or not, the plaintiff, having a valid assignment of this claim, its rights are affected as between it and an attaching creditor, by the failure to give notice prior to the service of the attachment." No objection was made to the form of the issue or of the reserved question ; and the assignment in good faith before the service of the attachment, was settled by the verdict of the jury. Under these circumstances there would seem to be no doubt about the correctness of the judgment entered, on principle and authority.

An attaching creditor necessarily claims through his debtor and can acquire no greater right than was vested in the latter at the time the writ was served upon the garnishee: Reed v. Penrose, 2 Grant, 472 ; Patten v. Wilson, 34 Pa. 299. This principle is not, as contended, limited in its purpose and application to the garnishee and for his protection only. It extends to the rights of all persons interested in the fund at the time the attaching creditor seeks to appropriate it, whether as joint owners, copartners, or assignees of the defendant debtor ; and the attaching creditor's right is subordinate to all bona fide claims existing before the writ is served. He is permitted to attach and take what may be due to his debtor, but he cannot by this proceeding affect the rights of other persons which had vested before the attachment became operative. A valid assignment of a fund cannot be set aside by attachment proceedings subsequently instituted in favor of a third party. And while want of notice of an assignment would subject the assignee to all the equities of the garnishee, should any exist, arising from a failure to give notice, the omission of notice cannot avail an attaching creditor, who pursues his legal remedy irrespective of contractual changes ; no more than notice of an assignment, fraudulent as to creditors, would defeat attachment proceedings. The rights of contending claimants are based upon the more substantial fact of a bona fide assignment of the fund for a valuable consideration before the service of the writ on the garnishee. If such a transfer be made neither notice nor the want of it can aid the attaching creditor: Pellman v. Hart, 1 Pa. 263 ; Noble v. Thompson Oil Co., 79 Pa. 354.

The effort of the appellant's counsel to bring this case within the rule which avoids private sales of chattels without a transfer of possession or other act equivalent thereto, when assailed by execution creditors, is ingenious but not convincing. Ownership of choses in action does not involve an open visible possession which may mislead others into giving credit on the faith of it, as in the case of chattels, and therefore the reason for the rule invoked does not exist with regard to choses in action. The assignment of a claim against a third person is more analogous to the sale of chattels while in the possession of a bailee, and it has been uniformly held that in such cases no actual delivery or further change of possession is necessary in order to pass the title against creditors: Linton v. Butz, 7 Pa. 89; Caulfield v. Van Brunt, 173 Pa. 428. We are not called upon to consider the question of fraud in fact which has been argued at considerable length by the appellant's counsel; it is not a part of the reserved point, and furthermore, that question was settled by the verdict and thus eliminated from the case.

Finding no error in the record the assignments are overruled and the judgment is affirmed.