## Phillips's Estate (No. 4).

*Equitable assignment—Assignment—Chose in action—Notice—Priority —Intervention of foreign attachment.*

The assignee of a chose in action who has given no notice of his assignment to the holder of the fund has priority over a subsequent assignee who has given such notice, where a foreign attachment has intervened against the fund between the dates of the two assignments.

*Equitable assignments—Assignment—Notice.*

Where a bank takes an assignment of a chose in action as collateral security for the payment of promissory notes, and subsequently writes a letter to the holder of the legal title of the chose in action, a trust company, offering to sell the notes, and containing a statement that the notes were secured by the assignment, such a letter is not to be deemed a notice of the assignment which will secure to the assignee priority against subsequent assignments of which proper notice is given.

Argued Jan. 22, 1903. Appeals, Nos. 94 and 196, by United Security Life Insurance and Trust Company of Pennsylvania and the Pennsylvania Company for Insurances on Lives and Granting Annuities, from decree of O. C. Phila. Co., Jan. T., 1885, No. 320, dismissing exceptions to adjudication in estate of Henry M. Phillips, deceased. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Exceptions to adjudication.

There appeared from the record the following assignments and attachment of the interest of Altamont P. Moses in the estate of decedent:

1. To Bank of Sumpter, South Carolina, January 30, 1891, and May 30, 1894, for $10,000.

2. To Marion Moise, June 1, 1894, for $2,736.14.

3. To the United Security Life Insurance Company, February 28, 1899, for $60,000 (joined in by H. Cleremont Moses).

A foreign attachment, George D. Manning et al., for $815.92, served upon the accountants as garnishees, June 3, 1898, precedes the assignment last mentioned.

The material portion of the adjudication of PENROSE, J., was as follows:

The assignment of H. Cleremont Moses and Altamont P.

205 525
e 29 SC ¹293
205 525
f 36 SC ²359

Moses to the United Security Life Insurance Company was for the purpose of securing premiums and interest on life insurance policies issued to the assignors by that company. There were two insurances for $30,000 each, the amounts less the premiums first payable, being paid in cash to the insured, $27,195 to each. The premiums were to be paid to the company during a period of fifteen years, unless in the meantime the assured should die, in which case the obligation on his part ceased. The assignment provided that if default should be made in payment of premiums the company, after notice as there provided, the assignee should be at liberty to sell the assigned interest at public sale and become the purchaser. Default was so made by both assignors, the requisite notice was given in each case, and at the sale in pursuance of it the company became the purchaser of the entire interest of both. It also entered up the judgment bond given by each of the assignors. Attachment executions were issued upon these judgments and the accountants summoned as garnishees; but so far as the attachments are concerned, the rights of a prior assignee would not be affected even though no notice had been given.

The share of H. Cleremont Moses will be paid to the United Security Life Insurance Company under the assignment and purchase in pursuance of it as above.

The evidence shows that the Pennsylvania Company for Insurances on Lives, etc., one of the accountants, received information from the president of the Bank of Sumter of the assignments to it by H. Cleremont Moses and Altamont P. Moses, in a letter dated June 3, 1896, asking the company to become the purchaser from the assignee. No special form of notice of an assignment is required, and, in the opinion of the auditing judge, this letter was sufficient. Information was also given to the United Security Life Insurance Company of these assignments in an interview between its officers and Mr. Moise in the early part of 1896. It follows that the assignment to the bank by Altamont P. Phillips, who, as between himself and H. Cleremont Moses, was the principal debtor, is entitled to payment in preference to the subsequent assignment to the life insurance company.

Notice of the assignment of June 1, 1894, by Altamont P. Moses to Marion Moise, trustee, to secure the sum of $2,736.14,

was not given until after the assignment to the insurance company, and the latter would, therefore, if the view taken by the auditing judge be correct, have priority of right if the question were not affected by another well settled principle, growing out of the intervening foreign attachment by Manning, etc., served upon the garnishees in June, 1898. This attachment has priority over the assignment to the life insurance company, but, as an attaching creditor stands precisely in the shoes of the debtor, it is subsequent to the assignment to Marion Moise. The result is that the assignment to the life insurance company is made subsequent to both. There are many decisions on the subject cited in the brief presented by Messrs. Moise and Matlack, viz: Wilcocks v. Waln, 10 S. & R. 380; Manufacturers & Mechanics' Bank v. Bank of Pennsylvania, 7 W. & S. 335; Tomb's Appeal, 9 Pa. 61; Loucheim's Appeal, 67 Pa. 49; Thomas's Appeal, 69 Pa. 120. See also Bowyer's Appeal, 21 Pa. 210, Garrett & Martin's Appeal, 32 Pa. 160, Shelly's Appeal, 36 Pa. 373, and Miller's Appeal, 122 Pa. 95, etc.

The share of Altamont P. Moses will, therefore, be applied: first, to the payment of the assignments to the Bank of Sumter; second, to the assignment to Marion Moise, trustee; and third, subject to the attachment of Manning et al., to the United Security Life Insurance Company under the assignment and the purchase in pursuance of it.

It should be stated that prompt notice of all the assignments to the United Security Life Insurance Company was given to the accountants.

*Errors assigned* were in dismissing exceptions to adjudication.

*Edward H. Weil*, with him *John G. Johnson*, for the Pennsylvania Company for Insurances on Lives and Granting Annuities et al., executors, appellant.—The doctrine which this court is asked to uphold, in order to establish notice to the trustees in this case, declares that it is notice of assignment of the interest of a cestui que trust, if a stranger in any part of the world writes to the trustee that some "institution" holds notes of the cestui que trust, who has transferred his interest in the estate as collateral security for payment, and begs the trustee to buy the notes,

holding forth a tempting bait to show how much money the trustee could make by the operation.   Who the writer is, whether he is an attorney of the institution, an agent, or a dealer in post obits, the letter does not disclose.   Where the " institution " is located, if it be located on the North American continent, the writer does not reveal.   The president of the trust company properly turns the letter over to the trust officer.   Now, the trust officer, a lawyer, assumes that the letter is simply an offer to sell the paper of the cestui que trust, and he promptly repudiates the offer.   If he has mistaken the object of the letter, we may safely say that ninety-nine men out of a hundred would have made the same mistake, that the letter was merely an offer of sale, and not notice of a transfer.   Who can say that the recipient of such a letter has received notice of an assignment?

*H. LaBarre Jayne*, and *Biddle & Ward*, for the United Security Life Insurance & Trust Company of Pennsylvania, appellant.—The assignee of a fund who has given no notice of his assignment to the holder of the fund does not acquire priority over a subsequent assignee who has given such notice, merely by reason of a foreign attachment against the fund between the dates of the two assignments.

The appellant is not chargeable with knowledge of an assignment of the fund made prior to appellant's assignment, merely by reason of a verbal request to purchase such assignment made to appellant's president many months earlier: Wood v. Partridge, 11 Mass. 488.

*Albert L. Moise*, with him *Samuel Dreher Matlack*, for Marion Moise and Bank of Sumter, appellees.—It has long been settled in Pennsylvania that when there are three liens or claims upon property, and the third in time is, for any reason, superior to the first, but is inferior to the second, it must be postponed to the first also, if the fund be insufficient to pay all: Wilcocks v. Waln, 10 S. & R. 380; Manufacturers & Mechanics' Bank v. Bank of Pennsylvania, 7 W. & S. 335; Tomb's App., 9 Pa. 61; Loucheim's App., 67 Pa. 49; Thomas's App., 69 Pa. 120; Wieand's App., 37 Legal Int. 407; Huffort's App., 10 W. N. C. 528; Miller's App., 122 Pa. 95; Bowyer's App., 21 Pa. 210.

Notice of an equitable interest or title need not be given in

any particular form nor even come from a party in interest or an agent of such party. All that is required is that the notice shall contain full information as to all material facts, and shall come from such a source and be given under such circumstances as to arrest attention and gain credit: Kellogg v. Krauser, 14 S. & R. 137; Barnes v. McClinton, 3 P. & W. 67; Butcher v. Yocum, 61 Pa. 168; Ross v. Baker, 72 Pa. 186; Mulliken v. Graham, 72 Pa. 484; Guthrie v. Bashline, 25 Pa. 80; Tritt v. Colwell, 31 Pa. 228; Phillips v. Bank of Lewistown, 18 Pa. 394; Lloyd v. Banks, L. R. 3 Ch. App. Cases, 488.

OPINION BY MR. JUSTICE BROWN, May 4, 1903:

By two assignments, dated January 30, 1891, and May 30, 1894, Altamont P. Moses assigned to the Bank of Sumter, South Carolina, $10,000 of his interest in the estate of his uncle, Henry M. Phillips, deceased. On June 1, 1894, he assigned $2,736.14 of this interest to Marion Moise, trustee, and, on February 28, 1899, he and his brother, H. Cleremont Moses, assigned $60,000 of the same interest to the United Security Life Insurance & Trust Company of Pennsylvania. Between the dates of the last two assignments, on June 3, 1898, a foreign attachment, issued against Altamont P. Moses out of court of common pleas No. 2 of Philadelphia, was served upon the accountants as garnishees. The share of the nephew was awarded by the court below as follows: " First, to the payment of the assignments to the Bank of Sumter; second, to the assignment of Marion Moise, trustee; and third, subject to the attachment of Manning et al., to the United Security Life Insurance Company under the assignment and the purchase in pursuance of it."

The award to the Bank of Sumter as holding the first claim on the fund for distribution was on the ground that the assignments to it were not only prior in dates to those of the other two, but that it had given notice of them to the accountants and the United Security Life Insurance & Trust Company before the later assignments were executed. If this award depended upon the notice alleged to have been given to the Pennsylvania Company for Insurances on Lives and Granting Annuities and Henry T. Coleman, executors and trustees, it could not be sustained, for the letter of June 3, 1896, from a

representative of the Bank of Sumter to Mr. Henry K. Paul, president of the Pennsylvania Company for Insurances on Lives and Granting Annuities, cannot be regarded as notice given by the bank, or intended to be given by it, of the assignments to it. The letter was one offering to sell the notes held by the bank, and contained a statement that they were secured by the assignments to it. While it is true, as held by the learned judge of the orphans' court, that "no special form of notice of an assignment is required," it is equally true that, to affect one with notice not formally given, it must come in such a way or under such circumstances to the person alleged to have been notified, that, as a reasonable man, he ought to regard it as notice to control his conduct in relation to the matter which is the subject of the notice; on the other hand, if it is manifest that notice is not intended, it will not be presumed it was received when, from what takes place between the parties, there is nothing from which notice ought to be inferred concerning what may subsequently become a subject of controversy. The letter written by the bank was intended to induce the Pennsylvania Company for Insurances on Lives and Granting Annuities to purchase the notes of Altamont P. Moses. It was one of innumerable business letters received by the company, and, though there is an incidental reference in it to the assignments by Moses, there is nothing in it which ought to have led the company to regard it as notice of them to be remembered for the information of subsequent prospective assignees of the same interest. But, as the Bank of Sumter is entitled to priority over the United Security Life Insurance & Trust Company for the same reason that Marion Moise, trustee, was directed to be first paid, if the appeal of the accountants were to be sustained, the order of distribution would not be changed.

Notice of the assignment to Marion Moise, trustee, was not given until after the assignment to the United Security Life Insurance & Trust Company. But between them attaching creditors intervened. The service of the writ of foreign attachment was prior to the last assignment, and the claim of the attaching creditors is superior thereto. It, however, was subject to the first three, even if the Bank of Sumter and Marion Moise, trustee, had given no notice to the accountants of the assignments to them. The attaching creditors attached only

what still remained to the debtor. They could get nothing from the accountants by their attachments that did not belong to him when the writ was served. By the service of it they became equitable assignees of what Altamont P. Moses still had a right to assign. As to him the prior assignments, with or without notice to the accountants, were valid, and so they were as against his attaching creditors, whose rights rose no higher than his: Pellman v. Hart, 1 Pa. 263; Noble v. Thompson Oil Company, 79 Pa. 354; Hemphill v. Yerkes, 132 Pa. 545.

Manning et al. must be paid before the United Security Life Insurance & Trust Company, for their attachment is superior to its assignment; but before they can be paid the Bank of Sumter and Marion Moise, trustee, must get their money; and it therefore follows that the assignment to the United Security Life Insurance & Trust Company is subject not only to the attachment, but to the prior assignments. In support of this view the court below was sustained by many of our cases, from Wilcocks v. Waln, 10 S. & R. 380, down to Thomas's Appeal, 69 Pa. 120, and Miller's Appeal, 122 Pa. 95.

The appeal of the Pennsylvania Company for Insurances on Lives and Granting Annuities and Henry T. Coleman, executors and trustees, is dismissed, the costs of their appeal to be retained by them out of the fund awarded to the assignees and attaching creditors of Altamont P. Moses. The appeal of the United Security Life Insurance & Trust Company is dismissed at its costs, and as to it the decree is affirmed.