## LaBarre, Appellant, *v.* Doney.

*Assignment—Notice of assignment—Attachment—Fund in hands of trustee in bankruptcy.*

1. Where a bankrupt assigns a fund in the hands of his trustee in bankruptcy which had been set apart to him under his exemption claim, and notice of such assignment is given to the trustee and to the attorney of a debtor of the bankrupt who subsequently issued an attachment against the fund under a judgment waiving exemption, the assignee has priority in the distribution of the fund over the attaching creditor, and the attachment will be dissolved.

2. An attaching creditor claims through his debtor, and in the absence of fraud can claim no greater right than was vested in the latter at the time the writ was served on the garnishee.

Submitted March 3, 1913. Appeal, No. 27, March T., 1913, by plaintiff, from order of C. P. Luzerne Co., Oct. Term, 1912, No. 966, dissolving attachment in case of LaBarre & Company v. W. H. Doney and G. B. Kleeman, Trustee, Garnishee, and David Rosenthal, Assignee, intervening defendant and appellee. Before RICE, P. J.,

436 LaBARRE, Appellant, *v.* DONEY.

Statement of Facts—Opinion of Court below. [53 Pa. Superior Ct.

HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Petition by David Rosenthal to intervene and to have the attachment execution dissolved.

The case was submitted to GARMAN, J., for his decision upon facts agreed upon.

GARMAN, J., filed the following opinion:

W. H. Doney was indebted to LaBarre & Co., for rentals reserved by a written lease containing a waiver of the exemption laws of this commonwealth. He became a bankrupt including the indebtedness to LaBarre & Co., in his schedule filed in the bankruptcy proceedings.

In the bankruptcy proceedings he claimed that benefit of the $300 exemption allowed by the laws of Pennsylvania, and there were appraised and set aside to him certain property.

This property was sold by the trustee in bankruptcy for the sum of $180, but the trustee was directed to pay to the bankrupt said $180.

The bankrupt estate having been absorbed by costs and preferred claims, LaBarre & Co. received nothing upon their rent claim.

The $180 being yet in the hands of the trustee, LaBarre & Co. entered judgment upon the confession contained in their lease and on August 14, 1912, issued an attachment execution, attaching said money in the hands of said trustee.

But on August 10, 1912, four days prior to the issuing of the attachment execution by LaBarre & Co., Doney assigned the $180 then in the hands of the trustee in bankruptcy, to David Rosenthal, who now intervenes and asks that the attachment be dissolved.

The plaintiff having admitted the assignment on August 10, 1912, to Rosenthal, it is apparent that Doney had nothing in the garnishee's hands to attach and it is proper that the attachment be dissolved.

*Error assigned* was order dissolving the attachment.

*R. A. Hubler,* for appellant.

*G. Fred Lazarus* and *David Rosenthal,* for appellee.

PER CURIAM, April 21, 1913:

It is argued that the assignment to the appellee, David Rosenthal, was of no validity because by reason of the pendency of exceptions to the exemption Doney had no interest in the fund which he could assign. It seems to us that this objection would apply with equal, if not greater force to the attachment. But as we view the agreement under which the assignee of the fund and the attaching creditor submitted the controversy between them to the common pleas, both must be deemed to have proceeded on the theory that the fund had been set apart to the bankrupt under his exemption claim and belonged to him. Upon no other theory could they invoke the jurisdiction of the state court. Having taken this position we are of opinion that the learned judge was right in assuming that the validity of the order of the referee in bankruptcy directing the fund in the hands of the trustee to be paid to Doney was not in question and that the substantial question which the parties desired to have decided was whether the assignment prevailed over the attachment. In the recent case of Phillips' Est., No. 3, 205 Pa. 515, it was held after elaborate and thorough consideration of the question, that if an assignee failed to give notice to the person holding the fund assigned to him, a subsequent assignee without notice of the former assignment, will, upon giving notice of his assignment, acquire priority. This case is cited by appellant's counsel as applicable here. We cannot assent to this view for two reasons: first, it was alleged in the petition to dissolve the attachment, and not denied, that a copy of the assignment was served on the trustee and another copy was mailed to the attorney of the appellant on the date of the assignment,

which was five days before the attachment issued; second, an attaching creditor necessarily claims through his debtor, and in the absence of fraud, can claim no greater right than was vested in the latter at the time the writ was served on the garnishee: Pellman v. Hart, 1 Pa. 263; Noble v. Thompson Oil Co., 79 Pa. 354; Hemphill v. Yerkes, 132 Pa. 545; Phillips' Est., No. 4, 205 Pa. 525; Jarecki Mfg. Co. v. Hart, 5 Pa. Superior Ct. 422.

For the reasons above suggested, taken in connection with those set forth in the opinion of the learned judge of the common pleas, we think that he was right in concluding that Doney had nothing in the hands of the garnishee to attach, at the time the appellant's attachment issued.

The order is affirmed at the costs of the appellant.