## Dowling, Appellant, *v.* Vallett.

*Sheriff's sale—Distribution of proceeds—Priority of lien.*

The last of three or more liens in the order of their succession being superior to the first but inferior to the second gains no practical advantage from its superiority, because it could not be preferred to the first without being preferred also to the second, to which it is subsequent.

Argued April 15, 1918. Appeal, No. 53, April T., 1918, by plaintiff, from order of C. P. Cambria Co., June T., 1916, No. 11, distributing proceeds of sheriff's sale of real

estate in case of Dowling & Company v. Jennie B. Vallett. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Exceptions to auditor's report distributing proceeds of sheriff's sale of real estate. Before STEPHENS, P. J.

The opinion of the Superior Court states the facts.

*Error assigned* was order of distribution.

*Philip N. Shettig,* with him *M. D. Kittell,* for appellant, cited: Hutchinson's App., 92 Pa. 186; Crouse v. Murphy, 140 Pa. 335.

*A. Lloyd Adams,* with him *J. Earl Ogle, Jr.,* for appellee.

OPINION BY PORTER, J., November 30, 1918:

This appeal involves the question of the distribution of the proceeds of a sale of land by the sheriff. The parties to the controversy are judgment creditors. In February, 1909, the real name of the owner of the land was Caroline A. Parks, but in the deed under which she took title the initial letter of her middle name was omitted, so that she held title in the name of Caroline Parks. On the 22d of February, 1909, a judgment was entered in favor of John Wagner against Caroline A. Parks, which judgment was subsequently duly revived in 1914, with notice to the then terre-tenant, Jennie B. Vallett. Mrs. Parks conveyed the land, in March, 1911, to Jennie B. Vallett, and in this conveyance omitted the initial letter of her middle name, simply executing the deed as Caroline Parks. Mrs. Parks took an obligation from Jennie B. Vallett for part of the purchase-money, and in that obligation the obligee is given her real full name, Caroline A. Parks, and upon that obligation judgment was entered against Jennie B. Vallett on March 6, 1911, which judgment was duly revived and was a lien upon

the land at the time of the sheriff's sale. In November, 1912, judgment was entered in favor of S. J. Fitt & Company against Jennie B. Vallett, and in 1913, two judgments were entered in favor of Dowling & Company against the same defendant. Caroline A. Parks, at the time she entered her judgment against Jennie B. Vallett, had notice of the judgment entered against herself and in favor of Wagner. These facts were found by the auditor and are upon all hands conceded to be correct. The auditor reported a schedule of distribution awarding payment in full to the judgment of Fitt & Co., Dowling & Co. and John Wagner, which judgment had been assigned to Daniel J. Thomas, and the balance of the fund to the judgment of Caroline A. Parks, which had been assigned to Daniel L. Parsons. The court sustained exceptions to the report of the auditor and entered a decree distributing the fund to the judgments in the order of their priority as to time, viz: (1) The judgment of John Wagner for use of Daniel J. Thomas; (2) The judgment of Caroline Parks, now for use of Daniel L. Parsons; (3) The judgment of S. J. Fitt & Co., and (4) The judgments of Dowling & Co. Under this order of distribution Dowling & Co. would receive nothing and they appeal from this decree.

The question presented for our decision is not complicated by any doubt as to the identity of the defendant in any of the judgments. The appellants contend that the judgment of John Wagner against Caroline A. Parks was not notice to them and must be postponed to their judgment for the reason that the earlier judgment was entered against Caroline A. Parks, whereas, although that was her real name, she held title in the name of Caroline Parks, and in support of this contention cite Delaney v. Becker, 14 Pa. Superior Ct. 392, and Crouse v. Murphy, 140 Pa. 335. This might be so if it were not for the fact that the second judgment held by Caroline A. Parks against Jennie B. Vallett was a valid lien and entitled to priority over the junior judgments of the appel-

lants and others, and for the further fact that Caroline A. Parks had actual notice of the judgment held by Wagner in which she herself was the defendant. It is upon all hands conceded that under this state of facts the first judgment, held by Wagner against Caroline A. Parks, was entitled to priority over the judgment held by Caroline A. Parks against Jennie B. Vallett; Butts v. Cruttenden, 14 Pa. Superior Ct. 449. This renders it unnecessary to consider whether the judgment held by Wagner against Caroline A. Parks was entitled to priority over the junior judgments held by the appellants. Assuming that it was not entitled to such priority, we have a case where "The last of three or more liens in the order of their succession being superior to the first but inferior to the second gains no practical advantage from its superiority, because it could not be preferred to the first without being preferred also to the second, to which it is subsequent"; this rule is so well established that it cannot be ignored: Wilcocks v. Waln, 10 S. & R. 379; Manufacturers & Mechanics Bank v. Bank of Pennsylvania, 7 W. & S. 335; Tomb's App., 9 Pa. 61; Thomas's App., 69 Pa. 120; Miller's App., 122 Pa. 95; Phillip's Est., No. 4, 205 Pa. 525. The learned judge of the court below correctly held the case to be ruled by these authorities.

The decree of the court below is affirmed and the appeal dismissed at costs of the appellant.