# Shepherd, Appellant, *v.* Pennsylvania Railroad Company.

*Assignment—Notice—Death of assignee—Insolvency.*

The fact that an assignee of a chose in action does not give notice of the assignment to the debtor until after the assignor dies insolvent, does not defeat the rights of the assignee to the fund as against the administrator of the assignor.

Argued Oct. 11, 1905. Appeal, No. 148, Oct. T., 1905, by plaintiff, from judgment of C. P. No. 3, Phila. Co., March T., 1905, No. 4190, for E. & H. Levy on case stated in suit of Ellen Shepherd, Administratrix of John Shepherd, deceased, v. Pennsylvania Railroad Company. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Case stated to determine the ownership of a fund.

VON MOSCHZISKER, J., filed the following opinion:
On November 2, 1903, Shepherd being undebted to E. and

H. Levy assigned to them as collateral security all accounts due or to become due to him by the Pennsylvania Railroad Company. February 28, 1905, Shepherd died, insolvent. At the time of his death the railroad company owed him $375.68, which is claimed by his administratrix, and also by E. and H. Levy. The fund has been paid into court and the claimants have been permitted to interplead.

On behalf of the plaintiff—Shepherd's administratrix—it is contended that, because of the failure of Levy to give notice. to the railroad company of the assignment prior to the death of the assignor, they lost their preference under it, and that the administratrix is entitled to the balance due by the railroad company at the time of Shepherd's death. On the other hand, E. and H. Levy claim the said balance by virtue of their assignment.

The assignment was made by John Shepherd to E. and H. Levy during the lifetime of the said Shepherd, and was reduced to writing, executed and duly delivered; further, it was acted upon and treated as alive between the parties thereto. Had notice been given by the assignee to the railroad company, then there would not have been any question concerning the rights of the assignee in the premises, but as notice was not given until after the death of the assignor, it is argued that possession was not taken, and therefore that the fund in question formed part of the estate of John Shepherd when he died and now should go to his personal representative and not to the assignee thereof. Phillip's Estate No. 3, 205 Pa. 515, is cited to sustain this contention, but that case simply decides that " If an assignee of a chose in action fails to give notice to the person holding the fund assigned to him, a subsequent assignee without notice of the former assignment will upon giving notice of his assignment acquire priority. By such notice the legal holders are converted into trustees for the new assignee, and are charged with the responsibility towards him and the assignor is deprived of the power of carrying the same security repeatedly into the market, and of inducing third persons to advance money upon it under the erroneous belief that it continues to belong to him absolutely, and that the trustees are still trustees for him, and no one else." The rule there laid down is not for the benefit of creditors generally, or especially

for the benefit of the person holding the fund, but rather to prevent the possibility of an owner of a chose in action committing fraud by assigning it repeatedly, and the theory on which the rule is worked out is that if the first assignee fails to give notice, he leaves it within the power of the assignor to deceive and defraud a subsequent assignee for value, and that any one who leaves such a power in the hands of another can be said to collude with him beforehand if the power is subsequently taken advantage of. However, Phillip's Estate No. 4, 205 Pa. 525, decides, on the other hand, that a general creditor who becomes an attaching creditor stands in the position of the assignor with only such rights as the assignor had against the assignee ; that he is not in a position of a subsequent purchaser for value, and would have no right of preference over a prior assignee who had failed to give notice ; in other words, that the lien acquired by an attaching creditor would be subject to prior assignments of the fund attached even though no notice had been given by the assignee to the holder of the fund. To our mind this last case shows that the rule laid down in Phillip's Estate No. 3 was not for the benefit of creditors generally, and, therefore, upon the death of the assignors in the case at bar, the only thing that his general creditors could take, either directly or claiming through the personal representative of the deceased assignor, would be such estate as the assignor could have claimed himself in the particular fund immediately prior to his death.

In the case at bar, although the assignment is made as collateral, still the debt due to the assignee at the time of the assignment and also at the time of the death of the assignor was very much larger than the amount of the fund covered by such assignment, and, therefore, the assignment passed all the interest the assignor had therein.

We are of opinion that E. and H. Levy are entitled to the whole of the fund which has been paid into court. Judgment is accordingly entered for the said E. and H. Levy, that they shall have leave to take the said money out of court, and that the costs shall be paid by Ellen Shepherd, administratrix of John Shepherd, deceased.

*Error assigned* was the judgment of the court.

*H. Haverstick,* for appellant.—The death of the 'assignor before notice awarded the preference : Phillips' Estate, 205 Pa. 515 ; McClintock's App., 29 Pa. 360 ; Adams's App., 1 P. & W. 447 ; Nice's App., 54 Pa. 200 ; Bosler v. Exchange Bank, 4 Pa. 32 ; Patterson's App., 96 Pa. 93 ; Leiper v. Levis, 15 S. & R. 108 ; Kater v. Steinruck's Adm., 40 Pa. 501.

*George P. Rich,* for appellees.—At the time of John Shepherd's death the assignment to E. and H. Levy bound him, although no notice had been given by them to the railroad company. He had parted with his entire right to this fund to them. He had no interest in it, except to such surplus as might remain, if any, after his debt was paid. His right to this surplus was all that could be attached by creditors. And as it was all that he possessed it was all that could pass to his administratrix : Noble v. Thompson Oil Co., 79 Pa. 354 ; Hemphill v. Yerkes, 132 Pa. 545 ; Jamison's Est., 163 Pa. 143 ; Tryon v. Munson, 77 Pa. 262 ; Phoenix Iron Co. v. Philadelphia, 2 W. N. C. 596.

PER CURIAM, October 23, 1905 :

We are of opinion that this issue was correctly decided by the court below. For the reasons given in the opinion filed by the learned judge thereof the judgment is affirmed.