# City of Scranton *versus* Hyde Park Gas Co., to use, &c.

1. An action of debt will lie upon a city warrant or order, drawn by the mayor and countersigned by the city controller upon the city treasurer, of a city of the third class, for the payment of the consideration of a contract between the city and a gas company, for supplying gas to the public lamps, and directed to be paid " for account of gas and water appropriation."

2. Under an ordinance of the city of Scranton in force at the date of the issuing of a city warrant, as above, interest is recoverable in an action on said warrant.

3. Dyer *v.* Covington Township, 7 Harris 200, and other cases holding that suit cannot be maintained, nor interest recovered, upon township, county, borough and school orders, distinguished.

February 20th 1883. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY and STERRETT, JJ. GREEN and CLARK, JJ., absent.

ERROR to the Court of Common Pleas of *Lackawanna county :* Of January Term 1883, No. 210.

Debt by the Hyde Park Gas Company to the use of the Lackawanna Valley Bank, against the city of Scranton upon a city warrant, of which the following copy and averment was filed :—

No. 2,579.                    SCRANTON, Pa., Dec. 29, 1877.
Treasurer of the City of Scranton :

Pay to the order of Hyde Park Gas Company six hundred and twelve dollars, for account of gas and water appropriation.
  $612.
      (Signed)        ROBERT H. McKUNE, Mayor.
      (Countersigned)  CHAS. DU PONT BRECK, City Controller.

[City of Scranton *v.* Hyde Park Gas Co.]

Said warrant on the back is endorsed as follows, viz., "January 4 1878, 'No funds.' Thos. Durkin, Treasurer. J. P. Canavan, Deputy Treasurer. Hyde Park Gas Company, per H. H. Hanford, Secretary and Treasurer. Hyde Park Gas Company, M. Maloney, Superintendent." Said warrant was duly transferred to the use of plaintiffs for value. I certify that the whole amount of the same is six hundred and twelve dollars, and the interest thereon from January 4th 1878, is due, and that no part of the same has been paid.

Geo. Sanderson, Jr.,<br>Plaintiff's Attorney.

Pleas, nil debet, payment with leave, set off, &c.

The case was tried, by agreement, without a jury, under the Act of April 22d 1874 (P. L. 109) before Hand, J., whose findings of fact and conclusions of law (after reciting the warrant and pleadings as above given) were as follows :—

The plaintiff put in evidence the following ordinance :

File of Select Council, No. 21, 1877.

An ordinance to provide for the payment of interest on city orders. Whereas, interest on city orders has been allowed and paid since the organization of the city, whenever demand for payment was made on the treasurer, and default made for want of funds, and therefore, for the purpose of removing all doubts as to the past and future liability of the city to pay interest as aforesaid.

Sec. 1. Be it ordained by the Select Council and Common Council of the city of Scranton, and it is hereby ordained by the authority of the same, that interest shall be allowed and paid on city orders heretofore or hereafter issued, whenever payment of the same is, or has been, refused by the treasurer for want of funds, and the date of demand and non-payment for want of funds endorsed on the order by the treasurer ; interest to commence from the date of demand and refusal.

Passed the Select Council October 17th 1877.

(Signed)                  Jos. P. Phillips, President.

Passed the Common Council November 3rd 1877.

(Signed)                  C. F. Mattes, President.

. . . . It is objected that the ordinance is not sufficiently proved. We find as a fact, that on or about the 19th day of November 1877, it became a valid ordinance of the city, and is sufficiently proved in this case.

On the 19th of January 1880, an ordinance was passed, repealing the above-stated ordinance. Plaintiff refers also to resolution of city commissioners of May 3d 1873, published in City Laws and Ordinances, p. 257, § 770, requiring collectors to take a receipt on the back of orders taken for taxes, of

amount of interest paid, thereby recognizing liability for interest.

The defendant, at the close of the evidence, moved for a non-suit on the ground that no suit can be maintained on such an instrument as is set forth in the statement in this case. We overruled the motion, and gave defendant a bill sealed. The amount due and unpaid on the city warrant, with interest from January 4th 1878, to this date, December 13th 1882, $612 principal, and $181.35 of interest, or a total of $793.35.

We find as a fact, that the date of the contract made with the city for furnishing gas was March 28th, 1877

CONCLUSIONS OF LAW.

1. The warrants of the City of Scranton, issued under the authority of the charter of said city, and countersigned by the comptroller of the city, are sufficient for the foundation of a suit or action. The powers of the comptroller and of the councils, are such as to make them, in the opinion of the court, prima facie evidences of indebtedness. The city is not precluded from setting up any defense she may have, but it is in her power to give them the character of an obligation or liability.

2. It was in the power of the city to pay interest on any indebtedness owed by her, after that indebtedness was liquidated and settled, and demand was made therefor and payment refused.

3. We deem the ordinance providing for the payment of interest on city orders was a valid ordinance, and was in force when the order or warrant in this case was presented to the city treasurer and payment refused, and the city is liable for interest on this order. We deem the date of the original contract to furnish gas does not affect this question.

4. We distinguish this case on its facts from the ordinary case of a city warrant issued with no provision made for interest thereon. Interest is considered an incident to all debts unpaid, after demand and refusal. A city may not be liable without an agreement to pay interest, but we consider it within the power of the city of Scranton, incident to the express powers granted, to provide for the payment of interest in default of payment of the principal. In this case, as the facts show, as ordinance was passed (afterwards repealed,) providing for the payment of interest. It was in force when this order was presented. The power of the city to contract for supplies, would enable it to agree expressly to pay interest on liabilities after they are due. In order to save the credit of the city, such a power may be an important one, and its exercise wise. This case is to be distinguished in its facts from the case of the same plaintiff against the city, reported in Lackawanna Legal Record,

[City of Scranton v. Hyde Park Gas Co.]

vol. 1, p. 393, to which we refer with authorities there cited. In that case it did not appear that the city had authorized the payment of interest, as in this case.

5. The defendant is indebted to the plaintiff in the sum of seven hundred and ninety-three dollars and thirty-five cents, and if no exceptions are filed as provided by Act of Assembly, judgment is to be entered for that amount in favor of the plaintiff, and against the defendant, thirty days after notice of this decision to the parties or their attorneys.

Exceptions filed by the city to the above decision, were overruled by the court, and judgment was entered for plaintiff, for $793.35 ; whereupon the defendant took this writ, and filed the following specifications of error :—

1. The court erred in holding that a suit might be maintained on the warrant sued on in this case.

2. The court erred in entering judgment for $793.35.

3. The court erred in entering judgment for interest accruing since the repeal of the ordinance allowing interest.

*I. H. Burns*, for the plaintiff in error.—An action does not lie on a " city warrant:" Dyer *v.* Covington Township, 7 Harris 200 ; Allison *v.* Juniata County, 14 Wr. 351 ; First Nat. Bank *v.* Rush School Dist., 2 W. N. C. 471 ; Borough of Port Royal *v.* Graham, 4 W. N. C. 352. Interest is not recoverable as allowed, from date of the order to date of the judgment. The only ground on which interest was claimed is that it was given by the ordinance offered in evidence by the plaintiff, which was never supposed to be in force, and under which not a dollar of interest has ever been paid on a city order, and which was repealed as soon as claimed to be valid. The date of the ordinance is subsequent to the date of the contract, in part payment of which the order was drawn. If this ordinance gave the contractor something to which he was not entitled when the contract was made, then it is a mere gratuity, and comes within the prohibition of § 5, Act of May 23d 1874 [P. L. 232], which provides that " No ordinance shall be passed, except by a two-thirds vote of both councils and approved by the mayor, giving any extra compensation to any public officer, servant, employee, agent or contractor, after services shall have been rendered or contract made." It does not appear that the ordinance in question was passed in this manner, and the gratuity or extra compensation being illegal without its passage in the particular manner required by the Act, such passage in such manner should appear affirmatively. In no case could interest be allowed after the date of the repealing ordinance, for as the ordinance was passed after the contract was made, it formed no part of the consideration of the contract, and the ordinance

being repealed left the order standing without interest under the decisions of this court.

*George Sanderson, Jr.*, for the defendant in error.—The cases cited by plaintiff in error, are inapplicable, as the instruments sued upon had not, like the warrant in this case, been duly audited and countersigned by the city controller. See Act of May 23d 1874, P. L. 25 ; O'Donnell *v.* City of Philadelphia, 2 Brewster 481. The ordinance providing for interest on city orders was valid : Penna. Globe Gas Light Co. *v.* Scranton, 10 W. N. C. 269.

Chief Justice MERCUR delivered the opinion of the court, March 12th 1883.

The specifications of error present two questions. One, whether an action can be maintained on this warrant, the other, is interest demandable thereon.

The right to maintain suit or recover interest on township, county, borough and school orders has been denied in some cases : Dyer *v.* Covington Township, 7 Harris 200 ; Allison *v.* Juniata County, 14 Wright 351 ; First Nat. Bank *v.* Rush School District, 2 W. N. C. 471 ; Boro' of Port Royal *v.* Graham, 4 Id. 352.

Do these authorities or the reasons on which they rest apply to the present case ?

1. This suit is in the name of the party to whose order it was payable, and to the use of the holder. A written contract, bearing date the 28th March 1877, was duly executed between the parties in pursuance of an ordinance of the city, whereby the Hyde Park Gas Company was to furnish gas for the public lamps, in consideration of which the city was to pay a sum specified, for the gas provided for each lamp, payments to be made monthly. This warrant bears date the 29th December following. It is drawn on the treasurer of the city of Scranton, directing him to pay to the Hyde Park Gas Company a sum specified, " for account of gas and water appropriation." It is signed by the mayor, and countersigned by the city controller. The presumption is that it was given in payment of gas furnished under the contract, and the demand for which it was given had been duly audited and settled by the proper officer of the city. In this important particular the warrant differs from all of the orders referred to in the cases cited. All of those had yet to pass the ordeal of an audit, and their validity and correctness be tested. Prima facie this warrant had passed all such examination, and no obstacle stood in the way of its absolute payment. It had issued under and by virtue of legislative authority vested in the city, and the evidence of its correctness was stamped

[Fidelity, &c. Deposit Co. *v.* City of Scranton.]

on its face.  This suit was not only in the name of the party to whom the city was indebted on the contract, but this warrant was a distinct and separate admission of indebtedness by officers on whom the law imposed the duty of determining the same. We think suit may be maintained in the name of the holder of a city warrant thus issued in a negotiable form.

2.  In the absence of an ordinance providing therefor, it may be conceded the warrant would not draw interest.  It is, however, shown that some forty days prior to the issuing of this warrant, it was expressly ordained by ordinance, inter alia, that interest should be allowed and paid on city orders thereafter issued, after payment of the same should have been refused by the treasurer for want of funds.  Payment of this warrant was so refused.

The warrant having been issued and accepted under the obligation of that ordinance, its provisions became a part of the contract, from which the city could not be relieved by merely repealing the ordinance.  Without making any provision for the payment of the warrant the city could not thus summarily discharge itself from liability for the interest.

Judgment affirmed.