### COLEMAN v. BOROUGH OF NEW KENSINGTON.

(Circuit Court, W. D. Pennsylvania. September 19, 1905.)

No. 20.

1. MUNICIPAL CORPORATIONS—WARRANT AS EVIDENCE OF INDEBTEDNESS—RIGHT OF ACTION.

A warrant or voucher, issued by a Pennsylvania borough and signed by its proper officers, acknowledged an indebtedness to the payee in a stated sum for paving material furnished, which the borough promised to pay in one year, with interest, on presentation of the warrant, with the voucher printed thereon, signed by the payee. The warrant was issued on an order given by the paving contractor, accepted by the borough officers, and the voucher was duly signed by the payee. *Held* that, while the instrument was not negotiable as commercial paper and was subject to defenses in the hands of a transferee, it was an evidence of indebtedness which would support an action by the payee, who was not compelled to sue in right of the contractor.

2. SAME—VALIDITY OF INDEBTEDNESS—CONSTITUTIONAL LIMITATION.

Under the law of Pennsylvania a bonded indebtedness of a borough, made by authority of a vote of the electors, is to be deducted in computing the indebtedness of the borough which, under the constitutional limitation, may be incurred without a vote; nor is a debt for street improvements to be paid by special assessments on abutting property subject to such limitation.

[Ed. Note.—Constitutional and statutory limitations of municipal indebtedness, see note to City of Helena v. Mills, 36 C. C. A. 6.]

At Law. Trial by the court.

Levi Bird Duff and L. B. D. Reese, for plaintiff.
Horace G. Durbin and John T. Moore, for defendant.

ACHESON, Circuit Judge. Pursuant to a stipulation of the parties, this cause was tried by the court without the intervention of a jury. Upon the amended record this is an action of assumpsit in the name of G. A. Coleman, a citizen of the state of Ohio, for the use of the

Commercial National Bank, a national banking association, located in Steubenville, in the state of Ohio, against the borough of New Kensington, a municipal corporation of the state of Pennsylvania, located in the Western district thereof, to recover the amount of four vouchers or warrants numbered, respectively, 556, 557, 558, and 667, issued by the defendant borough to the plaintiff, G. A. Coleman; three thereof being each for the sum of $5,000 and dated August 7, 1900, payable one year after date, with interest, and the fourth thereof for the sum of $2,500, dated September 4, 1900, and payable one year after date, with interest. Each of said vouchers or warrants was duly signed by Thos. Bullock, president, and W. D. Snyder, secretary, of the town council of said borough, and was approved for payment and countersigned by R. E. Henderson, burgess of the borough, and each certifies that the consideration therefor was "material furnished" on paving contracts, and stipulates as follows:

"This voucher, when properly dated and signed by the party in whose favor it is made, becomes a draft, and will be paid by the treasurer * * * at the First National Bank of New Kensington, Pa., with interest at 6 per cent."

Each is indorsed thus:

"The First National Bank of New Kensington, Pa., will pay this voucher when properly dated and signed.                               W. D. Snyder, Secy."

After the making and delivery by the defendant borough to Coleman of these vouchers or warrants, and before the maturity thereof, Coleman signed the receipts on the face thereof, and for value received sold and delivered the vouchers or warrants to the Commercial National Bank, for whose use this action is prosecuted.

The following, which is a copy of voucher or warrant No. 556, represents each of the vouchers or warrants in suit, except that No. 667 is for $2,500 and bears date September 4, 1900:

"Aug. 7, 1900.
                        "Accounts Payable.
           "The borough of New Kensington, Pennsylvania, to G. A. Coleman, Dr.

For services rendered, as per bill on file in the secretary's office......$———
For material furnished as per bill on file in the secretary's office, paving contract :..................................................$5,000
"On account of contract, as per estimate on file in the secretary's office.
"We certify that the above account has been duly authorized by the town council of the borough of New Kensington, Pa.; that same has been examined and found correct.                               Thos. Bullock, President.
                                              "W. D. Snyder, Secretary.
"Approved for payment: R. E. Henderson, Burgess."

"This voucher, when properly dated and signed by the party in whose favor it is made, becomes a draft, and will be paid by the treasurer, Aug. 7, 1901, at the First National Bank of New Kensington, Pa., with interest at 6%."

"Received of the borough of New Kensington, Pennsylvania, the sum of five thousand 00/100 dollars in full of the above account.
      "$5000.00/100
                                   "[Sign here]      G. A. Coleman.

"Note.—The above receipt must be dated and signed by the party in whose favor this voucher is made, or, if signed by another party, the authority for so doing must accompany it."

Indorsed:

"Accounts Payable.

"The Borough of New Kensington, Pennsylvania.

"No. 556                                                             $5000.$^{00}$/$_{100}$

"Receipt of G. A. Coleman."

"Distribution of Accounts.

| | |
|---|---|
| General Fund ........................................... | $ |
| Sinking Fund No. 2 ...................................... | $ |
| Sinking Fund No. 3 ...................................... | $ |
| Sinking Fund No. 4 ...................................... | $ |
| Sinking Fund No. 5 ...................................... | $ |
| Paving and Curbing Fund ................................. | $5,000 00 |
| Sewering Fund .......................................... | $ |

"The First National Bank of New Kensington, Pa., will pay this voucher when properly dated and signed.           W. D. Snyder, Secretary."

The defendant borough, having by ordinance duly passed ordained the paving of certain streets, entered into a written contract dated April 25, 1900, with M. G. Cain, for the paving of the same with brick. This contract provided that Cain should furnish one-third of the brick required from the factory of G. A. Coleman. Cain gave to Coleman a written order on the borough, directing the borough to pay to Coleman $15.60 per M. on all brick delivered and accepted under the said paving contract, less freight, and on April 25, 1900, this order was accepted by the street committee on behalf of the borough. The vouchers or warrants in suit were given by the defendant borough to Coleman for brick delivered by him in pursuance of the above-recited accepted order. The brick were billed directly to the borough.

It is contended on behalf of the defendant borough (indeed, this is the fundamental proposition of law upon which the defense rests) that an action in the name of Coleman cannot be maintained on these vouchers or warrants, but that recovery can be had only by suit on the contract of April 25, 1900, between the defendant borough and Cain. The court, however, cannot accept this view. These vouchers or warrants were executed and issued to Coleman by the proper authorities of the borough for brick furnished by Coleman pursuant to the accepted order above recited. By virtue of that accepted order there is privity, as respects the instruments in suit, between Coleman and the borough. These vouchers or warrants show settled accounts, and are evidence of debt sufficient to sustain this action. By the terms of these instruments the moneys therein specified were payable to Coleman, in whose favor they were issued for value received. The right of action by Coleman on these vouchers is clear, we think, under the decisions, both federal and state. Wall v. County of Monroe, 103 U. S. 74, 26 L. Ed. 430, and cases there cited in the opinion of the Supreme Court; Williamsport v. Commonwealth, 84 Pa. 487, 24 Am. Rep. 208; Scranton v. Gas Company, 102 Pa. 382. It is not necessary to hold that the borough vouchers or warrants here in suit are negotiable, in the sense that commercial paper is negotiable. Indeed, at the trial the court held the contrary. What we held then, and now hold, is that these vouchers or warrants are prima facie evidence of debt, and that suit thereon is maintainable in the name of Coleman, but that in the hands of the bank (the use plaintiff) they are subject to any shown defense available to the borough as against Coleman.

It is further contended on the part of the defendant that these vouchers or warrants are void, because, as is alleged, they were issued at the time when the indebtedness of the borough exceeded 2 per cent. of the assessed valuation, without submitting the question of such increase of indebtedness to a popular vote. But upon the proofs there are two answers to this contention: First. The bonded debt of $60,-000 was made by authority of a vote of the electors of the borough, and therefore, under the ruling in Keller v. Scranton, 202 Pa. 586, 52 Atl. 26, that sum is to be deducted in determining the amount of the debt of the borough. This deduction takes the case out of the constitutional prohibition. Second. The ordinance for the street improvements provided for a special assessment upon abutting properties to pay the cost, and hence a debt forbidden by the Constitution was not created. Addyston Company v. Corry, 197 Pa. 41, 46 Atl. 1035, 80 Am. St. Rep. 812; Gable v. Altoona, 200 Pa. 15, 49 Atl. 367.

The rulings of the court appear more particularly in the specific answers to the several points submitted by the defendant's counsel. Upon the evidence in the case the court holds that there is recoverable in this action the amount of the afore-recited four vouchers or warrants, together with the stipulated interest. And accordingly the court finds in favor of the plaintiff and against the defendant the sum of $22,-858.20.