O'Brien, Appellant *v.* Radford et al.

Argued October 9, 1933.

Before KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Joseph M. Smith,* and with him *Joseph Neumann Smith,* for appellant.

*F. Raymond Wadlinger* of *Foulkrod, Sheppard, Porter & Alexander,* for appellee.

OPINION BY STADTFELD, J., March 8, 1934:

The bureau of engineering and surveys of the department of public works of the City of Philadelphia issued its order to the city controller to deliver to William H. Radford "or order," a warrant for $7,-131.44. On the face of this order appeared the following: "This order may be deposited in bank when properly endorsed in writing."

The order was endorsed and delivered by William H. Radford to G. M. Radford, his wife, who endorsed and deposited it with the garnishee on December 6, 1930, which was a Saturday, to the credit of her own account. On December 8, 1930, the order was presented to the city controller by the appellee and warrant was obtained. On the same day the warrant was presented to the city treasurer and his check for the amount of this warrant and two other warrants presented by the appellee at the same time was issued to the appellee and was paid the day following. On December 8, 1930, the appellant instituted an action of

assumpsit against William H. Radford by issuing a writ of foreign attachment directed to the appellee as one of the garnishees which was served on the appellee on December 8, 1930. No notice was given to the appellee that the order, the warrant or the money received for the warrant was the property of the defendant, William H. Radford, until after the appellee had paid out the money which it had collected on the warrant pursuant to the checks of its depositor presented in the usual course of its business. At the time the writ of foreign attachment was served on the appellee the defendant, William H. Radford, had no account with it and had not had an account at any time before. The appellee had no property in its hands belonging to him and was not indebted to him, unless it can be successfully contended that the warrant in question was the property of William H. Radford, defendant.

It was admitted by garnishee that the order for a warrant had been issued to William H. Radford in payment of work done for the City of Philadelphia.

Upon the trial of the issue, between plaintiff and garnishee, the facts not being in dispute, the court refused binding instructions for garnishee and directed a verdict in favor of plaintiff. The court subsequently sustained a motion for judgment non obstante veredicto in favor of garnishee. From that order this appeal is taken by plaintiff.

Appellant contends that at the time the attachment was served on the garnishee, William H. Radford, the defendant, was the owner of the fund collected by the bank and credited to the account of defendant's wife. In support of its contention, it claims that the order for the warrant issued by the city was not a negotiable instrument under the Uniform Negotiable Instruments Act of May 16, 1901, P. L. 194, and, secondly, that the order was not assignable.

We do not think that the Uniform Negotiable Instruments Act is controlling. As to the second reason, to wit: that the order for the warrant was not assignable, appellant loses sight of the fact that the order bears on its face the statement that it may be deposited in bank when properly endorsed in writing. The city did not question the title alleged to have passed by the endorsement of William H. Radford. Even if it should be held that G. M. Radford had only an equitable title to the warrant under the endorsement of the order, an attaching creditor would not be entitled to the fund. Pellman et al. v. Hart et al., 1 Pa. 263. Whatever interest he had therefore vested in his wife, G. M. Radford. The bank received from G. M. Radford the order for the warrant, obtained the warrant, presented it and received the money therefor and credited the same to the account of its depositor, the said G. M. Radford. The warrant itself was drawn to the order of William H. Radford "or any bank, banker or trust company or bearer." That a city warrant may be endorsed, transferred or assigned was held in City of Scranton v. Hyde Park Gas Co., 102 Pa. 382. It was further held, in the case of Watson v. Huron, 97 Federal Reporter 449, that a city warrant is transferable by delivery. There is no evidence that the garnishee bank had any knowledge or notice that either the defendant or the plaintiff claimed that the warrant or the proceeds thereof belonged to the defendant while the garnishee bank had any of the money in its possession.

There is no evidence that the order was transferred in fraud of appellant's rights and certainly none that the garnishee had knowledge or notice of such claim. The mere issuance of the attachment was not sufficient to put the bank on notice.

When the order was deposited by the endorsee and credited to her account, she was presumed to be the owner of the proceeds thereof and the burden of prov-

ing that the money in her account was the property of the defendant in the attachment was on the attaching creditor—Egbert v. Payne, 99 Pa. 239.

An attaching creditor necessarily claims through his debtor and can acquire no greater right than was vested in him at the time the writ was served on the garnishee—Jarecki Mfg. Co. v. Hart Brothers, 5 Pa. Superior Ct. 422.

The garnishee bank having paid out the amount of the warrant to the depositor or her payees, before any notice to it of the alleged ineffective transfer of the order, it would be inequitable to allow the attaching creditor to assert that the order was not transferable or had been transferred in fraud of the attaching creditor's rights. It is the duty of the attaching creditor to prove that the garnishee has property in its possession belonging to the defendant or is indebted to him. There is nothing to show that William H. Radford was ever a depositor with the garnishee, or that the garnishee had any of his money either before, at the time or subsequent to the time the attachment execution was issued.

Appellant contends that the deposit of the order in G. M. Radford's account was a mere scheme to get possession of the fund in fraud of a creditor, and that the bank in paying the fund to the wife in the face of the attachment was grossly negligent. There was no evidence to sustain this contention. The cases cited on behalf of appellant have no application to the instant case. There was no question raised as to the title to the money that G. M. Radford had in her bank account before it had been paid out to her or on her order as a depositor.

Appellant failing to prove that appellee had any money or other property belonging to the defendant at the time the attachment was served on it, or since,

the lower court was right in sustaining the motion for judgment non obstante veredicto for garnishee.

The assignments of error are overruled and judgment affirmed.