## O'Brien, etc., v. Radford et al.

*Joseph M. Smith* and *Joseph Neuman Smith*, for plaintiff.

*Foulkrod, Sheppard, Porter & Alexander*, for Commercial National Bank & Trust Company, garnishee.

MacNeille, J., April 19, 1934.—We are considering a rule to show cause why plaintiff should not pay $350 as garnishee's attorneys' fees.

The plaintiff, James M. O'Brien, being a creditor of the defendant, William H. Radford, proceeded against Commercial National Bank & Trust Company and G. M. Radford as garnishees. Interrogatories were filed and answers made

which denied that garnishee had any money or property in its hands belonging to the defendant. The lower court directed a verdict for the plaintiff, but later granted defendant's motion for judgment n. o. v., which was sustained on March 9, 1934, when the Superior Court of Pennsylvania affirmed the judgment of the lower court [113 Pa. Superior Ct. 88]. Thus having established the truth of its answers to the interrogatories, i. e., that it had not in its hands any money belonging to William H. Radford, the defendant, garnishee, Commercial National Bank & Trust Company, asks the court to oblige the plaintiff, James M. O'Brien, to pay $350 as garnishee's attorneys' fee. This the plaintiff resists.

There are three statutes that seem to relate to the subject: The Act of April 22, 1863, P. L. 527; the Act of June 11, 1885, P. L. 107; and the Act of April 29, 1891, P. L. 35. Let us examine them in order.

The Act of April 22, 1863, P. L. 527, 12 PS §2999, is as follows:

"Where, in any attachment, execution, or *scire facias* on foreign attachment, issued out of any court of record in this state, the garnishee, after issue joined therein, shall be found to have in his possession, or control, no real or personal property of the defendant, nor to owe him any debt, other than such property, or debts, as shall have been already admitted by the plea or answers of the garnishee, or in case, without going to trial, the plaintiff shall take judgment against the garnishee, for what shall be so admitted in his plea or answer, then, and in either such case, the garnishee shall be entitled, in addition to the costs already allowed by law, to a reasonable counsel fee, out of the property in his or their hands, to be determined and taxed, in case of dispute, by the court, or by some person appointed for that purpose."

The significant words in this act are the following:

". . . shall be found to have in his possession, or control, no real or personal property of the defendant, nor to owe him any debt, other than such property, or debts, as shall have been already admitted by the plea or answers of the garnishee".

This act provides that any fee allowed shall be from funds in the hands of the garnishee. This act cannot apply here, as the garnishee has no such funds.

We now proceed to examine the Act of June 11, 1885, P. L. 107, 12 PS §3000, which is as follows:—

"Where, in any attachment, execution or *scire facias* on foreign attachment issued out of any court of record in this State, the garnishee shall be found to have in his possession or control no real or personal property of the defendant, nor to owe him any debt, the said garnishee shall be entitled to recover from the plaintiff in addition to the costs already allowed by law, a reasonable counsel fee, not exceeding ten dollars, to be determined by the court, and taxed as part of the costs."

The provision of this act covers the situation where the garnishee shall be found to have no property of the defendant, in which case, in addition to the costs already allowed by law, he may have a reasonable counsel fee not exceeding $10. Under the provisions of this act, the garnishee in the instant case is entitled to the allowance of $10, not more, as this act says "not exceeding ten dollars". This act is the first act authorizing that a fee be taxed as costs against the plaintiff. It is a supplement to the Act of 1863, which is an act to prevent vexatious attachments and to regulate the costs thereof.

The Act of 1863, as well as that of 1885, covered cases that went to final disposition, but was silent on those cases that were either discontinued or otherwise disposed of prior to answers filed. Apparently to meet this situation, there was passed the act of April 29, 1891, P. L. 35, sec. 1, 12 PS §3001, which provides:

"Where, in any attachment, attachment execution, foreign attachment or *scire facias* or [sic] foreign attachment issued out of any court of record in this state, an appearance by attorney shall be, or shall have been entered by any garnishee or garnishees therein, each said garnishee so appearing shall be entitled to recover from the plaintiff, in addition to the costs already allowed by law upon any discontinuance or other final disposition thereof, prior to answers filed, a counsel fee of at least ten dollars, to be taxed as part of the costs, and to be determined in case of dispute by the court."

However, a careful reading of this act shows that it is possible to interpret it in a different light; it depends how we construe the following words:

". . . to recover from the plaintiff, in addition to the costs already allowed by law upon any discontinuance or other final disposition thereof, prior to answers filed, a counsel fee".

If these words are used in the act as being descriptive of situations in which costs are already allowed by law, then obviously the paragraph means that, where a garnishee has gone to the expense of having an attorney enter for him his appearance, he should be entitled to a counsel fee of at least $10 in addition to such costs as the garnishee would be allowed by law upon any discontinuance or other final disposition prior to answers filed. This interpretation may seem strained, but we think it is not so in view of the opinion in the case of Lummis, Trustee, v. The Big Sandy Land & Mfg. Co. et al., Trustees, 188 Pa. 27, in which a fee of $250 was allowed to the garnishee and against the plaintiff in an opinion written by Mr. Chief Justice Sterrett on October 17, 1898, in which he refers to the Act of 1891 which we have just discussed and in which, speaking of the plaintiff, he said:

"Plaintiff contends that the allowance of counsel fees to each of the garnishees was wholly unauthorized. He appears to have reached this conclusion by misconstruing the Act of April 29, 1891, P. L. 35, passed 'to prevent vexatious attachments,' etc. We have no doubt that act, properly construed, is applicable to cases such as this;"

whereupon, he sustained the action of the lower court in allowing to the garnishee $250.

It appears by the opinion that there was no final disposition prior to answers filed, and there was no discontinuance. There was an answer filed, and a reference to Walter E. Rex, Esq., as referee. A referee's report was filed, finding in favor of the garnishee. There were exceptions which were dismissed, and the report of the referee was confirmed by the court, thus working down to the question of costs in the attachment proceedings.

It is contended by the plaintiff that this fee was allowed not because of the attachment proceedings but because of the presence in the Lummis case of a reference to a referee. We find nothing in Mr. Chief Justice Sterrett's opinion that leads us to this conclusion.

This decision by Mr. Chief Justice Sterrett was made in 1898, and we find nothing in the books since that date that in the slightest degree raises any question of its correctness.

It seems to us that the Act of 1863 allows the garnishee a fee out of the defendant's property in his possession. The Act of 1885 covers a situation where there is no property in the possession of the garnishee, but he hires no attorney, and should be allowed a fee not exceeding $10, which is taxed against the plaintiff. The Act of 1891 covers any situation in which the garnishee prevails in his answers that he has no property in his hands and employs the services of an attorney to enter an appearance. In this latter case, the act permits a fee to be allowed to him in excess of $10.

Wherefore, we conclude that it is in the discretion of this court to allow a counsel fee to the garnishee in this case. We have examined the record with a view to the amount involved and to the work and efforts put forth by the defendant garnishee, and we are of the opinion that the garnishee should be allowed a counsel fee of $175, to be taxed against the plaintiff as part of the costs in this suit, and accordingly we direct the prothonotary so to tax the costs.