## Jafolla & Mark, Inc., to use, *v.* Philadelphia, Appellant.

Argued November 30, 1937. Before SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*James Francis Ryan,* and with him *John J. K. Caskie,* Assistant City Solicitors, and *Joseph Sharfsin,* City Solicitor, for appellant.

*Warwick Potter Scott,* with him *Robert Brigham* and *Ballard, Spahr, Andrews & Ingersoll,* for appellee.

OPINION BY MR. JUSTICE STERN, January 3, 1938:

Legal plaintiff entered into a contract with defendant for construction work in connection with the South Broad Street Subway. It contained a provision that "the said party of the first part [the City of Philadelphia] hereby agrees to pay to the party of the second part [Jafolla & Mark, Incorporated], in warrants to be drawn on the City Treasurer, signed by the said Director of City Transit, for the said work, the sums or prices as set forth in the proposal attached hereto and made a part hereof. The party of the second part agrees to accept the said warrants in payment as cash." The two warrants involved in the present controversy were dated respectively October 26, 1931, in the sum of $372,435.56, and November 21, 1931, in the sum of $259,684.55. They were presented to the City Treasurer for payment, the one on November 10, 1931, and the other on December 2, 1931, but there was not suffi-

cient money to pay them until February 3, 1932, and February 16, 1932, respectively, at which times the principal was paid without prejudice to the right of use-plaintiff (to whom meanwhile assignment of the warrants had been made) to demand interest from the dates of presentation to the dates of payment. The present suit is to recover such interest. The court below granted judgment for plaintiff in the sum of $6,962.31, representing interest for those periods at the rate of five per cent per annum.

The City of Philadelphia presents the novel contention that because the contractor agreed to accept the warrants in payment *as cash* this amounted to an agreement that they should not bear interest. In an action on a city warrant interest is recoverable from the time payment is refused for want of funds, if there is a city ordinance providing for such interest: *City of Scranton v. Hyde Park Gas Co.*, 102 Pa. 382, where the court said (p. 387): "The warrant having been issued and accepted under the obligation of that ordinance, its provisions became a part of the contract . . ." In Philadelphia there are several such ordinances. That of December 10, 1878, established the interest rate at five per cent per annum. There is nothing in the present contract which indicates any difference in the nature or obligation of the warrants to be given thereunder from those ordinarily issued. In the absence of any agreement to the contrary, sums due under the contract would have been payable in cash. In this case, however, the contractor agreed that, instead of cash, he would accept the warrants, but by warrants the parties must have understood warrants in accordance with prevailing law and governed by the ordinance as to interest. If there had been any other intention it is likely, in a contract of the magnitude of this one, involving several millions of dollars, that it would have been clearly expressed. Had the agreement provided that city *bonds* were to be accepted "as cash," an interpretation that

such bonds, contrary to their terms, were not to bear interest would be fantastic, and there is no more reason to hold that city *warrants,* which also are interest-bearing under the terms of the ordinance which legally constitutes a part of their provisions, should, contrary thereto, not bear interest in this case. Indeed, if the City's contention were to be accepted literally, it would necessitate the conclusion that the City would not have to pay even the *principal* of the warrants, because, if they were to be accepted as being actually identical with cash, there would be no further obligation of any kind on the part of the City.

Judgment affirmed.