## Biddle, to use, v. Philadelphia

*David H. Frantz*, for plaintiff.
*David J. Smyth*, for defendant.

LAMBERTON, J., June 30, 1938.—This is a suit upon a warrant of the City of Philadelphia in the principal sum of $8,255.17. The only dispute is in regard to the payment of interest.

The warrant was issued on December 3, 1934, and on December 14, 1934, was presented for payment, but payment thereof was refused. On July 1, 1936, plaintiff's warrant was called for payment and was duly presented at the office of the city treasurer, but was not paid because plaintiff demanded interest, as well as principal, and the city was willing only to pay principal.

The case was tried before a judge without a jury, and the trial judge decided, on the authority of Jafolla & Mark, Inc., to use, v. Philadelphia, 328 Pa. 436, that the warrant bore five percent interest, but that plaintiff was entitled to interest on principal only down to July 1, 1936. This restriction in regard to interest was based on the theory that on said date plaintiff refused to surrender his warrant unless paid principal and six percent interest, and, being entitled only to five percent, he demanded more than was due and therefore interest ceased. Plaintiff filed a motion for a new trial and also exceptions to the findings and conclusions of the trial judge. The motion for a new trial has been withdrawn because of the belief of counsel that the proper proceeding is by exceptions. We understand from counsel for both plaintiff and defendant that they are interested in matters of substance and raise no question as to procedure.

After argument before the court in banc and a review of the record, this court is unanimously of the opinion that the exceptions should be sustained. The all-important matter is what actually occurred when the warrant was presented to the city treasurer's office on July 1, 1936. The facts in regard thereto are presented in the testimony of Charles L. Miller, an employe of the city treasurer's office. The gist of this testimony is that the warrant was presented and the principal thereof was tendered to plaintiff. Plaintiff demanded payment of interest, not stating any definite amount of interest. Payment of interest was refused because "We cannot pay any interest on a warrant." The city refused to pay the principal unless the warrant was surrendered.

Plaintiff was entitled to the face amount of the warrant plus five percent interest. He could not be required to surrender the warrant unless this amount was paid in full. The city refused to pay any interest. Therefore, the warrant continued as an outstanding obligation, bearing interest at the rate of five percent per annum.

Plaintiff contends that on July 1, 1936, he was entitled to receive principal and interest at the rate of five percent per annum; that the refusal of the city to make such payment was wrongful, and that thereafter plaintiff's claim is on an overdue debt and should bear interest at the rate of six percent. If plaintiff had demanded five percent interest, or had offered to surrender the warrant upon payment of the principal, plus interest at the rate of five percent, this argument would be sound, but plaintiff demanded interest without specifying any amount. Normally, when interest is demanded, we understand the demand to be for legal interest, to wit, six percent. That this was what plaintiff had in mind is proven by the fact that when suit was brought in December 1936, plaintiff in his statement of claim demanded six percent interest from December 14, 1934.

The fact undoubtedly is that when plaintiff presented his warrant for payment on July 1, 1936, plaintiff was under the impression that he was entitled to six percent interest, and the city treasurer was under the impression that no interest whatever was payable. Both were wrong. There was no offer by plaintiff to surrender the warrant on payment of principal plus five percent interest, in which case the rate of interest thereafter would be increased to six percent, nor was there any offer by the city to pay principal plus five percent interest, in which case interest would thereafter have entirely ceased. Under these circumstances, we are of the opinion that the warrant continued to be an outstanding obligation of the city bearing interest at the rate of five percent per annum.

And now, to wit, June 30, 1938, plaintiff's exceptions nos. 1, 2, 3, 4, 5, and 6 are sustained. Plaintiff's exception

no. 7 is overruled. The findings and decree of the trial judge are amended so as to read as follows:

### Decree

The court finds in favor of plaintiff and against defendant in the sum of $9,718.38, made up as follows:

Face amount of warrant...........$8,255.17
Interest at five percent on $8,255.17
   from December 14, 1934, to this
   date ........................ 1,463.21
                                    $9,718.38