## Allentown Supply Corporation v. Horton

*Wilbur C. Creveling, Jr.*, for plaintiff.

*Frederick N. Nabhan*, for garnishees.

*Sullivan Cistone*, Assistant United States Attorney, for United States of America.

*W. Hamlin Neely*, for claimants.

*Alan M. Black* and *Dean L. Foote*, for creditors.

WIEAND, J., March 22, 1966.—Allentown Supply Corporation and Twin Farms, Inc. were judgment creditors of Alpine Villa, Inc. On November 1, 1963, both creditors caused writs of execution to be issued and served upon Frederick N. Nabhan, Esquire, who was in possession of the sum of $6,900, which was then payable to Alpine Villa, Inc. When other claims were also made against the funds in his hands, garnishee caused the various claimants to be interpleaded. These proceedings resulted in the entry of a decision and order of court on June 8, 1965, by which distribution of the balance in the hands of garnishee, after payment of costs and tax liens of the Federal government, was directed to be made pro rata between Allentown Supply Corporation and Twin Farms, Inc.

On August 16, 1965, after filing exceptions to the court's decision, but before the same were disposed of,

Allentown Supply Corporation petitioned for and obtained a rule to show cause why the order of distribution of June 8, 1965, should not be amended to conform to a theretofore undisclosed agreement between it and Twin Farms, Inc. This agreement, it was alleged, had been reached prior to the issuance of the writs of execution. By its terms, the claim of Twin Farms, Inc. was to be subordinated to the claim of Allentown Supply Corporation, and the latter was to be given priority in the payment of its claim from funds then known to be in the possession of garnishee. The allegations of the petition were supported by a stipulation of counsel, and depositions subsequently taken also evidenced the existence of such an agreement. In fact, there appears to be no dispute among any of the interested parties as to the existence of such an agreement. Neither has anyone questioned the validity thereof or suggested that it was not a bona fide agreement.

Under normal circumstances, the court would unhesitatingly recognize the agreement between the parties and amend its order accordingly. It would do so even though the agreement had not been called to the attention of the trial judge at the time of the hearing or at any other time prior to the order of distribution. There is present here, however, a complicating circumstance.

Within a few days after the order of distribution had been entered, San Juan Fishing and Packing Co., Inc., a judgment creditor of Twin Farms, Inc., issued execution and attached the monies payable to its debtor under the court order. In the instant proceedings, San Juan does not question the existence or validity of the agreement between Allentown Supply Corporation and Twin Farms, Inc. It attacks only the effectiveness of such agreement to defeat the rights accrued to it by virtue of its execution. Its position

is that because of the delay in calling the agreement to the attention of the court, Allentown Supply Corporation should be estopped from interposing it now, when the effect will be to defeat the recovery of an intervening execution creditor.

An attaching creditor necessarily claims through his debtor and can acquire no greater right than the latter had against garnishee when the writ was served upon it: Guarantee Trust and Safe Deposit Company of Mount Carmel v. Tye, 129 Pa. Superior Ct. 481, 485; O'Brien v. Radford, 113 Pa. Superior Ct. 88, 92; 3 P.L. Encyc. 359, §16. And an assignee of a chose of action, even though he has given garnishee no notice of his assignment, has priority over a subsequent attaching creditor: Phillip's Estate (No. 4), 205 Pa. 525. In the instant litigation, the rights of San Juan can rise no higher than those of its debtor, Twin Farms, Inc., through whom it claims. Its rights are limited by any valid assigment or subordination agreement which effectively limits the rights of its debtor. Its execution, therefore, does not prevent Twin Farms, Inc. and Allentown Supply Corporation from complying with the agreement existing between them. Similarly, the execution of San Juan cannot stand as a bar to an amendment to the court's order to make it conform to the priority agreed upon by the parties.

The elements of estoppel are not present here. The only action taken by San Juan was the issuance of execution on its judgment, and this was done within the time allowed for the filing of exceptions to the court's decision of June 8, 1965. An amendment to the order of distribution, therefore, will be allowed.

In these interpleader proceedings, there is also undisposed of the petition of Robert N. St. Mary, Esquire, and Dean L. Foote, Esquire, formerly the attorneys for Twin Farms, Inc., to intervene pro interesse suo and be granted a charging lien on funds dis-

tributable to their former client. In view of the court's disposition of Allentown Supply Corporation's petition to amend the order of distribution, the question of a charging lien for legal services rendered on behalf of Twin Farms, Inc. has become moot. The funds remaining in the hands of garnishee are insufficient to pay the claim of Allentown Supply Corporation in full, and there will be nothing available for distribution to Twin Farms, Inc. The petition, therefore, will be dismissed.

## ORDER

And now, March 22, 1966, plaintiff's rule to show cause why the order of court dated June 8, 1965, should not be amended is made absolute, and it is ordered that the funds held by Frederick N. Nabhan, Esquire, as garnishee, after payment of costs of the interpleader proceedings, including garnishee's counsel fees, and the tax liens of the United States of America, together with interest and penalties provided by law, shall be distributed to Allentown Supply Corporation on account of its claim against Alpine Villa, Inc.

The petition of Robert N. St. Mary, Esquire, and Dean L. Foote, Esquire, to intervene pro interesse suo and be granted a charging lien for fees is dismissed.

## OPINION SUR PETITION FOR REARGUMENT

WIEAND, J., September 13, 1966.—There is before the court a petition for reargument presented by San Juan Fishing and Packing Co., Inc. A review of the history of this lengthy and protracted litigation is unnecessary. It is sufficient for present purposes to say that petitioner, having previously elected to present its case on one theory, now seeks an opportunity to present it upon a different theory. This will not ordinarily be allowed: 9 Standard Pa. Prac. (rev. ed.) 570. Indeed, the mischief inherent in such a practice is ob-

vious. Inasmuch, therefore, as the court has been offered no explanation for petitioner's failure to present at the original argument the contention which it now seeks to advance, its petition for reargument will be denied.

### ORDER

And now, September 13, 1966, reargument is refused, and the rule to show cause why same should not be allowed is discharged.